**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PHILIP EDWARDS, M.D.,

    Plaintiff,

        v.

GEISINGER CLINIC,

    Defendant.

CIVIL ACTION NO. 3:08-CV-1653

(JUDGE CAPUTO)

## MEMORANDUM

Before me is whether the reinstatement of the Plaintiff was an offer of compromise and whether the reasons why Defendant's authorized personnel approved the reinstatement are discoverable.

The Plaintiff was terminated by Defendant effective May 28, 2008. Plaintiff requested a hearing, upon which the termination was converted to a suspension with full salary pending review. Negotiations were entered into which ultimately proved unsuccessful, and Plaintiff's termination was upheld on September 10, 2008.

In the course of the negotiation, there was a suggestion that an "offer" of reinstatement had been made in July, 2008. The issue is whether the "offer" of reinstatement in July, 2008 is admissible evidence or prohibited as an offer of compromise under F. R. E. 408. Secondly, assuming that it is not admissible, is it permissible to use it to explore the motivation of Plaintiff's supervisors to dispel the notion that he was terminated for disruptive behaviors since one would not reinstate an employee who engaged in disruptive behavior. Or, if the employer represented disruptive behavior as the cause for termination, it is not credible, and therefore, there could be no just cause.

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

. . . any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Federal Rule of Evidence 408 provides:

(a) Prohibited uses. – Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction.

> (1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and

> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses. – This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes including proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

An argument can be made that the evidence of an offer of reinstatement is relevant under Rule 26(b)(1), but the inquiry does not end there. Even if relevant, the question becomes is it admissible?

Rule 408 prohibits the subject inquiry and evidence. This is an effort to use the offer of reinstatement to prove liability, be it to ratify the Plaintiff's theory of contract terms or to establish pretext in the proffered reason for termination. Further, Plaintiff also seeks to use it to impeach through contradictory behavior or statements. The Plaintiff argues that Plaintiff

2

gave nothing in return for this offer of reinstatement. It goes without saying that if the compromise resolved the dispute, Plaintiff would have surrendered his claim, and forbearance from suit is classic consideration. This reinforces that the "offer" was one of compromise.

Therefore, in my view, the offer of reinstatement in July, 2008 was an offer of compromise, and as such, is not admissible in the case for any of the reasons proffered by Plaintiff. Given this conclusion, I hold further discovery on the issue is not calculated to lead to the discovery of admissible evidence.

An appropriate Order follows.

Date: _May 6, 2010_      _A. Richard Caputo_
A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PHILIP EDWARDS, M.D.,

     Plaintiff,

          v.

GEISINGER CLINIC,

     Defendant.

CIVIL ACTION NO. 3:08-CV-1653

(JUDGE CAPUTO)

## ORDER

    **NOW**, this ___6th___ day of May, 2010, **IT IS HEREBY ORDERED** that further discovery

on any offers of reinstatement in the period between May 28, 2008 and September 10, 2008

is prohibited.

                                 _____

                                  A. Richard Caputo
                                  United States District Judge